## McIVOR v. CHEMURGIC CORPORATION.

### No. 9036.

Circuit Court of Appeals, Ninth Circuit.

May 20, 1939.

Wm. B. Chaplin, of Oakland, Cal., for appellant.

James M. Naylor, of San Francisco, Cal. (John H. Moskowitz, of Petaluma, Cal., of counsel), for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

In a suit brought by appellant against appellee to restrain an alleged infringement of appellant's patent (McIvor patent No. 2,-082,712, issued June 1, 1937), and to recover damages for the alleged infringement, the court below held Claims 1, 2, 4 and 5 invalid because anticipated by prior art.

Appellant's patent relates to a container or feeder for insect poison, used principally for the extermination or control of ants by poisoning. It consists of a square stake with a pointed end, having a longitudinal cavity made by boring a hole lengthwise toward the pointed end, but without an opening at such end. Apertures are formed near the top of the cavity by boring holes through the side of the stake, thus affording an entry into the cavity. Poisonous material is placed in the cavity, the open end of which is closed by insertion therein of a plug. Paper or other thin material is placed around the stake. Such material is so perforated that the part thereof covering the apertures may be removed. In use the stake is driven into the ground, the paper or other material covering the apertures is removed. The ants are attracted by the poisonous material, the consumption of which results in their death. The patent contains five claims, of which Claims 1, 2, 4 and 5 are in issue.

Claims 1 and 2, except for minor immaterial differences, consist of the following elements: (1) a body; (2) the longitudinal cavity; (3) a plug closing the open end of the cavity; (4) apertures leading to the cavity; and (5) poison material within the cavity. Claim 4 consists of the same elements except the plug to close the cavity, and describes the body to be in the shape of a stake. Claim 5 consists of the same elements as described in Claim 4, and also includes the sheet material covering the apertures which may be removed therefrom.

We think it is extremely doubtful whether there was any invention in any of the products described by these claims. Independently of that point, however, we think the court below correctly held the claims to be invalid because anticipated by patent No. 1,482,992 issued to Hoffbauer, and patent No. 1,991,547 issued to Deford.

The Hoffbauer device is a block of wood containing the bored longitudinal cavity, the plug, and an aperture leading to the cavity which is at the bottom of a depression in one side of the block. It is used by placing it horizontally, rather than vertically as is appellant's device. Claims 1 and 2 of appellant's device are practically identical to the Hoffbauer device and are anticipated by it. Claim 4 differs slightly in that it does not include the plug and the device has a pointed end. We think it would not be invention to make Hoffbauer's device from a longer block of wood, form a point at one end and leave out the plug. As to Claim 5, there is added to the device described in Claim 4, the element of sheet material. "The addition of a new and useful element to an old combination may be patentable; but the addition must be the result of invention rather than the mere exercise of the skill of the calling, and not one plainly indicated by the prior art." ·Textile Machine Works v. Hirsch Textile Machines, 302 U.S. 490, 497, 58 S.Ct. 291, 82 L.Ed. 382; and see Electric Cable Joint Co. v. Edison Co., 292 U.S. 69, 79, 54 S.Ct. 586, 78 L.Ed. 1131. We think the addition here was merely the exercise of skill, and was not invention.

We think that the Deford device likewise anticipates appellant's claims, but in view of the foregoing it is unnecessary to point out the specific details.

Affirmed.